IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BENNIE JAMES WALKER, | ) |
| Plaintiff, | ) |
| v. | ) CV 317-018 |
| SHAWN EMMONS, Warden;<br>CHERIE PRICE, Deputy Warden;<br>KHALILAH WILLIAMS; and<br>PAMELA CASON, | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently incarcerated at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), motion to appoint counsel be **DENIED AS MOOT** (doc. no. 3), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least four cases or appeals that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Walker v. Ga. Dep't of Corr., CV 401-251 (S.D. Ga. Feb. 5, 2002) (dismissed for failure to state a claim upon which relief may be granted); (2) Walker v. Williams, CV 402-110 (S.D. Ga. June 19, 2002) (dismissed for failure to state a claim upon which relief may be granted); and (3) Walker v. Munns, CV 102-018 (S.D. Ga. Oct. 4, 2002) (dismissed for failure to state a claim upon which relief may be granted). Also, in Munns, the Eleventh Circuit Court of Appeals dismissed the appeal as frivolous. These previously dismissed cases and appeal qualify as strikes under § 1915(g). Furthermore, Plaintiff has filed multiple complaints with this Court that were dismissed under § 1915(g)'s three strike rule due to the strikes accumulated in the cases cited above. See Walker v. Muns, CV 104-005 (S.D. Ga. Feb. 6, 2004); Walker v. Morales, CV 314-064 (S.D. Ga. July 14, 2014). Because he has at least

three strikes under § 1915(g), Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception.

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time he commenced this case. Plaintiff merely alleges that prison officials denied him the opportunity to participate in rehabilitative programs which are allegedly required before he can be released on parole. (See doc. no. 1, pp. 9-15.) Nowhere does Plaintiff allege that he currently has a serious physical injury or that he is in imminent danger due to that serious injury. Because Plaintiff does not assert that he was in any imminent danger of serious physical injury, he fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), motion to appoint counsel be **DENIED AS MOOT** (doc. no. 3), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate

3

a new lawsuit, which would require submission of a new complaint.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 26th day of April, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA